# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AISHA MICHEL, as Mother and Legal Guardian of Y.H., a Minor, | ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 16 CV 5390 |
| v. | ) ) |
| VILLAGE OF SAUK VILLAGE, a municipal corporation, MAYOR DAVID HANKS, in his official capacity, OFFICER GARY LUKE, individually and in his official capacity, SAUK VILLAGE CHIEF OF POLICE, in his official capacity, | ) Judge Sara L. Ellis ) ) Judge Sidney I. Schenkier ) ) ) ) ) |
| Defendants. | ) |

## JOINT INITIAL STATUS REPORT

**1. The Nature of the Case:**
Violation of 42 USC § 1983- (a) Deliberate indifference to train or supervise and (b) excessive force. State law claim of battery and a State law claim of negligent spoliation of evidence.

A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

*Counsel for Plaintiff:*
Daniel A. Dailey (Lead)
James D. Montgomery and Associates, Ltd.,
One North LaSalle, Suite 2450,
Chicago, Il, 60602
ddailey@jdmlaw.com

*Counsel for Defendant Luke*:
Eydie R. Glassman
Glassman Law Offices
350 S. Northwest Highway, Suite 300
Park Ridge, IL 60068
847-656-5313
eglassman@glassmanlawoffices.com

*Counsel for Defendant Sauk Village and Mayor David Hanks:*
Michael J. McGrath (Lead)
Leslie Quade Kennedy
Mary Lou Ryan Norwell
Odelson & Sterk, Ltd.
3318 W. 95th St.
Evergreen Park, IL 60805
mmcgrath@odelsonsterk.com
lkennedy@odelsonsterk.com
mnorwell@odelsonsterk.com

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

Plaintiff's position:

<u>Deliberate Indifference to Train or Supervise pursuant to 42 USC § 1983</u>

The minor Plaintiff was unjustifiably tased by Defendant Gary Luke due to his lack of training and supervision.[1] The Plaintiff learned that the Defendant, Village of Sauk Village, did not have any policies regarding the use of tasers and as a result, many officers, including Defendant Gary Luke, developed a practice, usage and custom of (1) unjustifiably intimidating and threatening citizens with tasers; (2) tasing citizens without justification and (3) tasing minors without justification.

Plaintiff expects to establish at trial that the Defendant Chief of Police, Village of Sauk Village, and Defendant David Hanks, authorized and were keenly aware officers were armed with tasers since 2010 and did not supervise or train its officers on a 'use of force continuum' specifically with tasers.

  a. <u>Common Law Battery and Excessive Force pursuant to 42 USC §1983</u>
Plaintiff alleges that Defendant Gary Luke unjustifiably tased the, minor Plaintiff, which constituted excessive force and battery because she minor Plaintiff did not flee and did not pose a threat to any officer at the time he was tased.

  b. <u>Negligent Spoliation of Evidence</u>
Plaintiff further alleges spoliation of evidence against Sauk Village, because Defendant incurred the duty to preserve all video and documents surrounding its use of tasers and the July 16 tasing incident. Defendants breached its duty when it (1) modified video depicting events of the tasing and (2) Defendants breached its duty when it destroyed or "lost" all taser incident reports for 2014 after it learned that counsel was preparing a class action investigation.

There are no counterclaims or third party claims at this time.

**C. Briefly identify the major legal and factual issues in the case.**
  a. According to Plaintiff, a major factual issue is whether Defendants destroyed, lost or altered evidence. According to Defendant Sauk Village and Mayor Hanks, the major legal and factual issues pertain to Plaintiff's ability to prove the *Monell* claim, the spoliation of evidence claim and damages.

**D. State the relief sought by any of the parties.**

Plaintiff is seeking compensatory damages, injunctive and declaratory relief against, Sauk Village, Mayor Hanks, and the Police Chief for the Section 1983 failure to train and supervise claim. Plaintiff is seeking compensatory and punitive damages against Defendant Luke for battery and excessive force. Plaintiff is seeking compensatory damages for the negligent spoliation claim against Sauk Village. For all counts, Plaintiff is seeking attorney's fees and costs and any other relief deemed reasonable and just.

---

[1] Plaintiff will be seeking leave to substitute parties, as Y.H. recently reached the age of majority.

**2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**
      This court has jurisdiction pursuant to 28 USC §1331, and 28 USC §1367 over the state law claims.

**A. Identify all federal statutes on which federal question jurisdiction is based.**
      42 USC § 1983

**B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

(1) **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**
      There is no diversity of citizenship in this matter. The state law claim of Battery and Negligent Spoliation- does exceed the jurisdictional amount of $75,000.00 based on the nature of Plaintiff's injuries.

(2) **Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**
      Plaintiff: is domiciled in Illinois and a resident of Sauk Village, Illinois.
      Defendant Village of Sauk Village: is a municipal corporation in Illinois.
      Defendant Mayor Hanks: is a resident of Illinois
      Defendant Gary Luke: is a resident of Illinois

**3. Status of Service: Identify any defendants that have not been served.**
      Service of summons on all Defendants has been filed and returned as executed.

**4. Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.**
      There is not unanimous consent.

**<u>5. Motions:</u>**

**A. Briefly describe any pending motions.**
      Prior to the upcoming status date, Plaintiff anticipates filing a motion for leave to conduct limited discovery for the purposes of ascertaining class certification. See Fed. R. Civ. P. 23(c) 1 ([t]he court must decide promptly whether the case should proceed as a representative action, without regard to the virtues of the plaintiffs' legal theory, <u>Sadowski v. Med1 Online, LLC,</u> 2008 U.S. Dist. LEXIS 12372, 2008 WL 489360 (N.D. Ill. Feb. 20, 2008) (citing <u>Koch v. Stanard</u>, 962 F.2d 605, 607 (7th Cir. 1992); see also <u>Hart v. Sheahan</u>, 396 F.3d 887, 894 (7th Cir. 2005)).
      The court may order bifurcation of discovery in Rule 23 cases upon counsels motion (<u>Lake v. Unilever U.S., Inc.,</u> 964 F. Supp. 2d 893 (N.D. Ill. 2013)).

Defendants objected when conferring with Plaintiff's counsel to the inclusion of arguments regarding bifurcation in the joint status report and continues to object to same.

**B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Joint Defendants are still analyzing, at this time, whether they will be filing a motion to dismiss and if determine they will be filing a motion to dismiss will be prepared to discuss same at the Initial Status Hearing.

**6. Case Plan:**
**A. Submit a proposal for a discovery plan[2], including the following information:**

   **(1) The general type of discovery needed;**
   a. Oral Discovery
   b. Written Discovery

   **(2) A date for Rule 26(a)(1) disclosures;**
   a. August 31, 2016

   **(3) First date by which to issue written discovery;**
   a. September 14, 2016

   **(4) A fact discovery completion date;**
   a. Plaintiff proposes that fact discovery closes in three months. (December 15, 2016); Defendants jointly propose that fact discovery closes in six months (March 15, 2017).

   **(5) An expert discovery completion date, including dates for the delivery of expert reports; and**
   a. The Parties propose that expert discovery close three months from the end of fact discovery. For Plaintiff that would be March 15, 2017. For defendants that would be June 15, 2017.

   **(6) A date for the filing of dispositive motions.**
   a. The Plaintiff proposes that dispositive motions be filed 45 days from the end of expert discovery which under his timeline proposals would be June 30, 2017. The Defendants jointly propose that dispositive motions be filed two months from the end of expert discovery, which would be August 15, 2017.

**B. With respect to trial, indicate the following:**

   **(1) Whether a jury trial is requested; and**
   Plaintiff request a Jury Trial

---

[2] Proposed Discovery Plan dates pertain to discovery completion where Plaintiff has not sought class action certification.

**(2) The probable length of trial.**
Plaintiff anticipates a 2-3 days trial.  Joint Defendants estimate four-five days for trial.

**7. Status of Settlement Discussions:**

**A. Indicate whether any settlement discussions have occurred;**
Yes.

**B. Describe the status of any settlement discussions; and**
Defendants have not responded to Plaintiff's settlement demand.

**C. Whether the parties request a settlement conference.**
Neither party requests a settlement conference.

Signed: July19, 2016

Respectfully submitted,

| **PLAINTIFF:** | **VILLAGE OF SAUK VILLAGE AND MAYOR DAVID HANKS:** |
|---|---|
| Signed:  /s/ Daniel A. Dailey | By:  s/ Leslie Quade Kennedy      One of their Attorneys |
| James D. Montgomery, Sr. jmontgomery@jdmlaw.com | Leslie Quade Kennedy ODELSON & STERK, LTD. 3318 West 95th Street Evergreen Park, IL  60805 (708) 424-5678 *lkennedy@odelsonsterk.com* |
| Daniel A. Dailey ddailey@jdmlaw.com | |
| **James D. Montgomery and Associates, Ltd.** One North LaSalle Street, Suite 2450 Chicago, IL  60602 Phone: (312) 977-0200 Fax: (312) 977-0209 Firm ID: 91165 | **GARY LUKE:** By:  s/ Eydie R. Glassman  Eydie R. Glassman Glassman Law Offices 350 S. Northwest Highway, Suite 300 Park Ridge, IL  60068 847-656-5313 eglassman@glassmanlawoffices.com |