**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AISHA MICHEL, as Mother and Legal Guardian of Y.H., a Minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No.  16 CV 5390 |
| v. | ) ) | |
| | ) | Judge Sara L. Ellis |
| VILLAGE OF SAUK VILLAGE, a municipal corporation, MAYOR DAVID HANKS, in his official capacity, OFFICER GARY LUKE, individually and in his official capacity, SAUK VILLAGE CHIEF OF POLICE, in his official capacity, | ) ) ) ) ) ) ) | Judge Sidney I.  Schenkier |
| | ) ) | |
| Defendants. | ) | |

**JOINT DEFENDANTS' MOTION TO STRIKE AND**
**STAY DISCOVERY ISSUED BY PLAINTIFF UNTIL JOINT**
**DEFENDANTS' MOTION TO BIFURCATE IS RULED UPON**

NOW COME Joint Defendants, Village of Sauk Village and Mayor David Hanks, by and through one of its attorneys, Leslie Quade Kennedy of Odelson & Sterk, Ltd., and respectfully request that this Court for their Joint Motion to Strike Discovery and Stay Issued by Plaintiff, Until Joint Defendants' Motion to Bifurcate is Ruled Upon, state as follows:

1.      Plaintiff has filed a four count Complaint.

2.      Of the four counts alleged in the Complaint, one alleges Defendant Village of Sauk Village and Mayor David Hanks (in his official capacity) were deliberately indifferent Y.H. based upon a failure to train police on the use of tasers.[1]  This allegation is based upon *Monell*.

3.      Joint Defendants, Sauk Village, Mayor Hanks, and Officer Luke, simultaneously with this motion have filed a Joint Motion to Bifurcate *Monell* claim and Postpone Trial and

---

[1] Defendant Mayor Hanks will be filing a Motion to Dismiss with respect to this claim.

Discovery on this Claim.

4.      It is expected that a briefing schedule would be entered concerning the Motion to Bifurcate giving Plaintiff time to respond and Defendants time to reply.

5.      In the meantime, between July 25-27, 2016, Plaintiff issued written discovery to Defendants (attached as Exhibits A-B) making Defendants discovery answers/responses due to Plaintiff on or about August 25-26, 2016 despite the order entered by this court on July 26, 2017 that written discovery was to be issued after September 14, 2016. [Doc. 14]

6.      Additionally, Plaintiff issued a Rule 30(b)(6) notice to Plaintiff (attached as Exhibit C) seeking Defendant to designate certain personnel most knowledgeable about the policies indicated in the Rule 30(b)(6) notice. The notice indicates the depositions are to take place on September 7, 2016 or at such other time as is mutually agreeable.

7.      Given the above, Defendants would be responsible for responding to the aforementioned discovery prior to the ruling on the bifurcation motion and prior to the discovery issue date ordered by the court.   If Defendant, for example, failed to respond to the Request to Admit prior to the response due date, Plaintiff could seek to have such answers deemed admitted resulting in grave prejudice to Defendants.

8.      With respect to Local Rule 37.2, on August 1, Defendants sent a letter to Plaintiff's counsel via email regarding withdrawal of the discovery issued due to its premature issuance. On August 8, 2016 emails were exchanged between Defendants and Plaintiff's counsel. Plaintiff's counsel last correspondence indicated that he is analyzing the court's order and appears to have ordered or is ordering the transcript of the status hearing because he indicated he will not have a response for Defendants until after the transcript is complete. Due to the time deadlines associated

with the discovery, further delay in filing this motion as indicated above could result on grave prejudice to Defendants.

9.       As such, Defendants respectfully request that the discovery issued by Plaintiff to Sauk Village and Mayor Hanks by stricken and further discovery stayed until the ruling on Joint Defendant's Motion to Bifurcate.

WHEREFORE, Defendants request that this Court grant their Joint Motion to Strike and Stay Discovery Issued by Plaintiff Until Joint Defendants' Motion to Bifurcate is Ruled Upon or for such other relief as this court deems appropriate.

Respectfully submitted,

VILLAGE OF SAUK VILLAGE


By: s/ Leslie Quade Kennedy
     One of their Attorneys

Leslie Quade Kennedy
ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL  60805
(708) 424-5678
*lkennedy@odelsonsterk.com*