# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AISHA MICHEL, as Mother and Legal Guardian of Y.H., a Minor,<br><br>                *Plaintiff,*<br>v.<br><br>VILLAGE OF SAUK VILLAGE et al.,<br><br>                *Defendants.* | No. 16-cv-05390<br>Judge Sara Ellis<br>Judge Sidney I. Schenkier |

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COME Plaintiff, Aisha Michel, and serves this First Set of Requests for Production of Documents upon Defendants, Village of Sauk Village, Mayor David Hanks and Sauk Village Chief of Police.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff hereby requests that You produce to Plaintiff for inspection and copying all of the documents in Your possession, custody or control that are responsive to these requests within 30 days following the date of service hereof.

### INSTRUCTIONS

1. In responding to these document requests, You shall furnish all documents in Your possession, custody or control, regardless of whether such documents or materials are

1

EX. A

possessed directly by You, Your employees or agents, Your former agents or Your attorneys or their employees, agents or investigators.

2. Pursuant to the Federal Rules of Civil Procedure, all documents shall be produced in the same manner and order as they are kept or maintained in the ordinary course of business. You shall produce documents in a manner so as to identify the source and location from which the materials are being produced. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained by You. In the case of electronic information, such information is to be produced with all metadata included and the file path identified. If for any reason the physical container or electronic file folder cannot be produced, You should produce copies of all physical labels or electronic file path information that may be present.

3. Documents attached to one another should not be separated. If any portion of any document is responsive to any portion of the requests below, then the entire document must be produced. If an email chain, parent email, or attachment to an email contains responsive information, You shall produce the entire email chain, parent email, and/or attachment, such as the case may be.

4. If You contend any document responsive to any of these requests is privileged or otherwise shielded from disclosure, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to the Federal Rules of Civil Procedure, provide a statement of the claim of privilege or grounds for withholding such document and all facts relied upon in support of that claim, as required by the Federal Rules of Civil Procedure.

5. If the requested documents have previously been produced, provide the Bates label range of production and a description of what was produced. This request is made without waiving any rights or privileges related to Plaintiff's request for production of documents with Bates labels identifying the person or entity producing the document.

6. The term "or," "and," and "and/or" should be construed so as to require the broadest possible interpretation for document production purposes and are utilized throughout these document requests with the intention of obtaining the requested documents in Your possession, custody or control irrespective of whether such documents are Your documents, Village of Sauk Village's documents. To the extent any such document request is unclear as a result of the use of such terms, You should produce all documents in Your possession, custody or control in a manner consistent with the document request but regardless of the source, creator or owner of such documents.

## DEFINITIONS

The following definitions shall apply to these document requests:

7. "Communication" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party even if the other party does not necessarily respond.

8. "Document" shall be broadly interpreted as used in the Federal Rules of Civil Procedure and means the original and all non-identical copies of all written or printed items and electronically stored information ("ESI", further defined below), including, without limitation,

letters, correspondence, memoranda, legal pleadings, calendars, diaries, day planners, travel records, lists, outlines, summaries, records of telephone conversations, facsimiles, notes, reports, compilations, notebooks, work papers, graphs, charts, spreadsheets, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web site, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, records or representations of any kind and description that are fixed in any medium upon which intelligence or information can be recorded or retrieved including, but not limited to, documents fixed in tangible media or electronically or digitally stored on disk or tape in a native format.

9. "ESI" means electronically stored information, electronically stored data or electronic data and is to be interpreted broadly as used in the Federal Rules of Civil Procedure and advisory committee notes thereto to include all types of information, regardless of the storage media (e.g., hard drive, CD-ROM, DVD, disc, tape, thumb drive, etc.), that requires a computer or other machine to read or process it. Because the variety of computer systems in use varies from company to company, Plaintiff is willing to meet and confer with Your knowledgeable representatives concerning the likely sources of relevant ESI which may include but are not limited to:

a. custodian computers, server-based and archival e-mail, and file server home directories;

b. other custodian sources such as Blackberries, cell phones, removable disks, USB drives, external hard drives, home computers and email accounts, voice mail, call logs, and travel and entertainment reimbursement systems;

c. shared data sources such as departmental and other shared file server directories, Sharepoint team sites, Outlook Public folders, document and records management systems;

d. business transactional applications, databases, reporting systems, data warehouses and data marts;

e. repositories of ESI retained for purposes of prior litigation, regulatory, or other retention purposes, whether located on company systems, offline media, or located at third-party vendor or other facilities; and

f. ESI hosted, managed or stored by third-parties under agreement with or on behalf of You.

10. "You" and "Your" means Village of Sauk Village, Sauk Village, SVPD, Sauk Village Police Department, Sauk Village Public Safety Department, Village Committee(s), Board of Trustees, Village Administrator, Village Clerk, Village Attorney, and each and every related board or entity they hold, own, operate, manage and/or control solely or jointly departments, divisions, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of, or for the benefit of, Sauk Village and/or its entities.

11. "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts: concerning, containing, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying,

5

projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

12. "Relevant Period" means from January 1, 2013- January 1, 2016 unless otherwise specified in the specific Request.

## DOCUMENT REQUESTS

**Request No. 1**

Produce communications related to the use of taser(s) for the Relevant Period. This request includes but is not limited to, internal reports, policy reviews, certifications, special committee reports or all other documents authorizing its use during the Relevant Period.

**Request No. 2**

Produce all taser incident reports from 2011 through the date of Your responses. Specifically including and identifying, December 1, 2013 through July 30, 2015.

**Request No. 3**

Produce documents depicting and/or describing each internal investigation You conducted related to any taser occurrence from 2010 through the date of Your responses; including but not limited to, the citizen complaints, investigation notes, dispositions or any other document or communication related to the investigation.

**Request No. 4**

Produce Officer Gary Luke's complete personnel file including but not limited to, discipline actions and investigations, award accommodations, positions within the department.

**Request No. 5**

Produce Your policies, and procedures for investigating police misconduct allegations during the Relevant period.

**Request No. 6**

Produce Your policies and procedures related to the Mayor Hank's authority to supervise, appoint, and/or otherwise control the Chief of Police and the Sauk Village Police Department.

**Request No. 7**

Produce all receipts, requests for funds, and expenditures for the purchase of tasers within Sauk Village from 2011 through the date of Your responses.

**Request No. 8**

Produce all affidavits and/or certifications signed or otherwise submitted and/or received from Your vendor of the tasers referenced in RFP No. 7 purchased from 2011 through 2015.

**Request No. 9**

Produce all ESI communications and statements, emails, memorandums related to the use of tasers through the relevant period. Statements include; audio, email, written letters, reports, articles or minutes. You specifically includes, inter alia: the Chief of Police, Deputy Chief of Police, Mayor, Public Safety Director, and Trustees.

**Request No. 10**

Produce all documents including citizen complaints, investigations, and internal investigations relating to the use of "taser force" related to Ms. Betty J. Mack.

**Request No. 11**

Produce all documents including, police reports, investigation reports, police complaints, internal investigation notes for the following:

- Report #13-08182
- Report #15-10438
- Report #13-02744
- Report #13-03893
- Report #13-07212

7

- Report #13-17824
- Report #15-14172
- Report #13-04551
- Report #13-11130
- Report #15-13384
- Report #13-14286
- Report #15-15243

**Request No. 12**

Produce Your insurance policies sufficient to identify Your coverage and deductibles.

**Request No. 13**

Produce all video footage contained on/from Gary Luke's body camera July 14, 2015 beginning at 0500 to 0500 July 15, 2015.

**Request No. 14**

Produce all video footage contained on/from Gary Luke's body camera July 28, 2015 beginning at 0500 to 0500 July 29, 2015.

**Request No. 15**

Produce all video footage contained on/from Gary Luke's body camera from July 26, 2015 beginning at 0500 to 0500 July 27, 2015.

**Request No. 16**

Produce all audio transmissions from Officer Gary Luke on:

July 14, 2015 (from 0500-0500),
July 27, 2015 (from 0500-0500) and
July 28, 2015 (from 0500-0500)

8

**Request No. 17**

Produce all in-station police video footage on July 27, 2015 from 1800 to 2000.

**Request No. 18**

Produce all communications from Your insurance company, risk management group, policy review group, Village auditor, the Owens Group, Inc., "REM" relating to the use of tasers during the Relevant Period.

**Request No. 19**

Produce all documents and communications relating to any operational and liability analysis performed on or by the Sauk Village Police Department during the Relevant Period.

**Request No. 20**

Produce all documents and communications relating to Your: internal investigations, filed complaints, against former Deputy Chief Rebecca Salisbery during the date of Your Responses.

**Request No. 21**

Produce all documents and communications relating to the any disciplinary action against former Deputy Chief Rebecca Salisbery, to specifically include- *Village of Sauk Village, JW Fairman, Public Safety Director et al., v. Rebecca Salisbery* filed before the Board of Police Commissioners for Sauk Village, Cook, and Will County.

9

Submitted: July 25, 2016

                                   Signed: /s/ Daniel A. Dailey

                                   Daniel A. Dailey
                                   ddailey@jdmlaw.com

                                   **James D. Montgomery and Associates, Ltd.**
                                   1 N. LaSalle Suite 2450
                                   Chicago, IL 60621
                                   (312)977-0200

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS on all parties by causing a true and correct copy to be delivered by email and deposited as First Class US Mail, with adequate postage affixed and addressed to:

| | |
|---|---|
| **Via Electronic Mail and US Mail:** | lkennedy@odelsonsterk.com<br>Leslie Kennedy<br>Odelson & Sterk, Ltd.<br>3318 W. 95th Street<br>Evergreen Park, IL 60805 |
| **US Postal Mail:** | **Sauk Village Chief of Police**<br>21701 Torrence Ave,<br>Sauk Village, IL 60411 |
| **CC: Electronic Only:** | eglassman@glassmanlawoffices.com<br>Eydie Glassman<br>Glassman Law Offices<br>Park Ridge Plaza<br>350 S. Northwest Hwy., Ste. 350<br>Park Ridge, IL 60068 |